IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOGAN SQUARE MRI & DIAGNOSTIC CENTER, INC., | ) ) ) |
| Plaintiff, | ) ) ) No. 07 C 2671 |
| v. | ) ) |
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION a/k/a PHILIPS MEDICAL SYSTEMS, f/k/a MARCONI MEDICAL SYSTEMS, INC., AND PICKER INTERNATIONAL INC., | ) ) ) ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Logan Square MRI and Diagnostic Center, Inc. ("LSMRI") has filed a four-count first amended complaint ("the complaint") against defendant Philips Electronics North America Corporation ("Philips") a/k/a Philips Medical Systems and f/k/a Marconi Medical Systems, Inc. ("Marconi") and Picker International Inc. ("Picker International"). Defendant has filed a motion to dismiss counts II and IV the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted in part.

I.

The following facts are alleged in the complaint. Plaintiff is in the business of providing magnetic resonance imaging ("MRI") services. In 1997, it purchased equipment necessary to produce the MRIs. On August 31, 1998, plaintiff entered into a written service

agreement with Picker International to service and repair LSMRI's equipment. Under the terms of the agreement, Picker International was to service LSMRI's equipment from October 1, 1998 through September 30, 2002. At some point in 1999, Picker International became Marconi and then during 2001 Philips acquired Marconi. As a result of this acquisition, Philips procured ownership of the service agreement. In 2002, LSMRI and Philips entered into a second service agreement covering December 2002 through February 2003.

The complaint alleges Philips breached both service agreements by conducting negligent, careless, and reckless repairs of the equipment, which in turn impaired the equipment's value and use (count I and III); breached its duty to maintain and repair plaintiff's equipment (count II); and committed fraud (count IV). Defendant moves to dismiss counts II and IV.

II.

In assessing defendant's motions to dismiss under FED. R. CIV. P. 12(b)(6), I must view the allegations in the light most favorable to the plaintiff and accept all well-pleaded facts in the complaint as true. *McMillan v. Collection Prof'ls*, 455 F.3d 754, 758 (7th Cir. 2006). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (May 21, 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77

(7th Cir. 2007). Moreover, under Rule 9(b), allegations of fraud are subject to heightened pleading requirements. Fed. R. Civ. P. 9(b). Fraud must be pled with particularity and the complaint must allege the "who, what, when, where, and how" of the fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

III.

Although titled "breach of duty to maintain and repair plaintiff's MRI system," plaintiff maintains this is a fraud claim. This is probably because "Illinois law does not permit a suit for breach of contract to be recast as a tort suit." *Normand v. Orkin Exterminating Co., Inc.*, 193 F.3d 908, 912 (7th Cir. 1999) (citing *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill.2d 69, 88-89, 435 N.E.2d 443, 452 (Ill. 1982)). Therefore, count II must comply with Rule 9(b).

Count II fails to meet the heightened pleading standard for fraud. The only allegations concerning false representations made or incorporated in count II consists of the following:

> On many occasions, [d]efendant's service technicians made statements to [p]laintiff that all repairs . . . were complete [which were false].
> . . .
> Defendant falsely represented to [p]laintiff that it could repair the defects and non[-]conformities to [the] MRI system and that the repairs were being made to the . . . system when in fact [d]efendant's service technicians knew that repairs to [p]laintiff's MRI [s]ystem had not been properly completed.

3

(Compl. at ¶¶ 18, 27.) These allegations do not set forth the who, what, when, where, and how of the alleged fraud. Accordingly, count II is dismissed.

Defendant also moves to dismiss count IV for lack of particularity. In contrast to count II, however, this count does provide that "[o]n August 12, 2002, [d]efendant's agent, David Radjeski, for the purpose of inducing [p]laintiff to enter into the [second] service agreement" made specific statements to Richard Sharif, which are described in paragraph 44 of the complaint. This provides sufficient notice under the Rule, and the motion to dismiss on this ground is denied.

Finally, defendant argues count IV fails to state an actionable claim for promissory fraud under Illinois law. Promissory fraud (also called fraudulent inducement) requires that plaintiff establish (1) a false statement of material fact by the defendant; (2) made with knowledge of its falsity; (3) reasonably relied upon by the plaintiff; (4) made for the purpose of causing the plaintiff to act; and (5) damage resulting from the plaintiff's reliance on the statement. *See, e.g., LM Ins. Corp. v. Sourceone Group, Inc.*, No. 04 C 618, 2006 WL 2051368, at *13 (N.D. Ill. 2006) (citations omitted). In order for promissory fraud to be actionable, the defendant must intend to "induce the promisee to act for the promisor's benefit." *Id.* (quotations omitted).

4

Taking the allegations as true and in the best light to plaintiff, I find the complaint states a claim for promissory fraud. Plaintiff specifically alleges that the false statements were designed to induce plaintiff to enter in the second service agreement (compl. at ¶ 44), and "[h]ad [p]laintiff known . . . of the misrepresentations . . . [it] would not have entered into the written service agreement" and suffered damages. (*Id*. at ¶¶ 49-50.) Accordingly, the motion to dismiss count IV is denied.

IV.

For the foregoing reasons, defendant's motion to dismiss count II is granted and the motion to dismiss count IV is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 21, 2008